[Civ. No. 7973. Third Dist. Oct. 22, 1951.]

SALVATORE J. LONGO, Appellant, v. CARL FREITAS et al., Respondents.

6

Mark A. Joseph for Appellant.

Hawkins & Hawkins for Respondents.

PEEK, J.—This is an appeal from a judgment in favor of defendants in an action to recover a commission allegedly due under a contract for the exclusive listing of real estate.

Under the terms of the agreement, which was dated November 9, 1946, respondents listed exclusively and irrevocably with appellant for a period of 30 days, approximately 3,000 acres of farm land for the price of $275,000, the terms being that the purchaser pay $50,000 cash and assume a balance of $225,000 due under a conditional sales contract between respondents and Turlock Garden Land Company, from whom they were purchasing the land. The agreement provided for a commission of 5 per cent of the selling price, and further provided that in the event of a sale made within one year following the termination of the listing to parties with whom appellant had negotiated during the life of the listing, and if appellant had so notified respondents of his negotiations, he would be entitled to the commission above provided. No sale of the property was effected within the month following its execution, and on December 17, 1946, respondents, by quit-claim deed, conveyed their interest in the realty back to the Turlock Garden Land Company. Appellant then brought this action to recover his commission for the sale of the realty, alleging that he had procured as purchasers Glenn and Warren Chase, who were ready, willing and able to complete the purchase of the realty; that respondents agreed to sell to the Chases for the sum of $265,000; and that the Chases did in fact purchase the land. Respondents answered, denying generally all of the allegations of the complaint.

Upon the issues so raised the trial court found that appellant did not procure purchasers ready, willing and able to complete a purchase of the realty; that appellant did not complete any negotiations with Glenn and Warren Chase for the purchase of the land, nor did he give any notice to respondents that he was negotiating with the Chases other than to introduce one of them to respondent Carl Freitas and show him the land, and that the Chases did not purchase the land. Accordingly judgment was entered in favor of respondents. Appellant has now appealed on the grounds that (1) the findings are not supported by the evidence, that (2) evidence introduced by respondents is fantastic and inherently improbable, and (3) the court improperly excluded evidence of negotiations which occurred prior to the execution of the listing contract.

■ Appellant, at the outset, is confronted with the rule, which needs no citation of authority, that any conflict in the evidence upon the issues covered by the attacked findings must be resolved in favor of said findings. The record in regard to such contention shows that respondents Carl Freitas, Rose Silva and Andrew Silva were in accord in their testimony that they had not been engaged in any direct negotiations with the Chases relative to the sale of the property, that they had not sold or agreed to sell to the Chases, and that in their dealings with appellant they had never assented to a selling price lower than $275,000. Contrary testimony was introduced by appellant that the Chases had offered $265,000 for the land, and that respondents had accepted that offer. Thus the testimony of the parties merely created a conflict on the issues of whether an agreement had been negotiated between respondents and the Chases, and whether appellant had obtained a purchaser ready, willing and able to purchase on the terms fixed by respondents, which conflict the trial court resolved in favor of respondents. Hence, it cannot be said that the findings are not supported by the evidence.

■ Appellant's second contention is likewise without merit. In view of the law relating to rescission and forfeiture and the difficulties and expense attendant with the repossession of property the acts of the vendor land company in repaying to respondents what they advanced on the purchase price cannot, as appellant contends, be labeled as either fantastic or inherently improbable.

■ Appellant further charges that the trial court erred in excluding evidence of negotiations he conducted with the

Chases prior to the execution of the listing agreement. Since the record is devoid of any evidence of a sale, either by appellant or respondents, such evidence could not have been material to the issue of performance of the brokerage agreement sued on, and the trial court properly excluded the same.

The judgment is affirmed.

Adams, P. J., and Van Dyke, J., concurred.